UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS M. SHELDON, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WORCESTER POLICE DEPARTMENT, )<br>et al., )<br>)<br>Defendants. )<br>) | Civil No.<br>11-40082-FDS |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This is an action by a prisoner who alleges that local law enforcement officers conspired to frame him, resulting in his wrongful prosecution and conviction for a bank robbery that occurred in May 2010. For the reasons set forth below, the Court will (1) deny plaintiff's motion to stay this proceeding until May 2014, (2) deny plaintiff's motion to amend the complaint but allow plaintiff additional time to comply with this Court's prior order, and (3) grant plaintiff's motion for an extension of time in which to serve defendants.

**I.    Factual Background**

Thomas Sheldon was a pretrial detainee at the time he filed this lawsuit. He alleges that the Worcester Police Department ("WPD"), WPD employees, and Pat's Service Center violated his civil rights in conjunction with the state's prosecution of him for armed robbery. According to Sheldon, the WPD, its employees, and the state prosecutors arrested him without probable cause, framed him, relied on non-existent or unreliable information, and wrongly prosecuted him for political or publicity reasons. Sheldon also alleges that, shortly after his arrest and the

impoundment and search of his vehicle, the WPD gave Pat's Service Center possession of his vehicle without his permission, and that Pat's later destroyed the vehicle. Sheldon contends that the destruction of the vehicle not only deprived him of property, but also deprived him of exculpatory evidence.

After the filing of the complaint, Sheldon informed the Court that he entered a guilty plea in the underlying criminal prosecution. *See* Docket Entry # 18, at 3.

On December 16, 2011, this Court issued a memorandum and order on plaintiff's then-pending motions. The Court (1) granted his motion to proceed *in forma pauperis*; (2) ordered, pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A to screen complaints that are filed *in forma pauperis*, that the claims against the remaining defendants would be dismissed for failure to state a claim unless, within 42 days, plaintiff showed good cause why they should not; and (3) issued summonses as to the WPD and Pat's Service Center and ordered the United States Marshals Service to effect service on those defendants as directed by plaintiff.

Subsequently, plaintiff has not shown good cause why the claims against the other defendants should not be dismissed, nor has he served WPD and Pat's Service Center. Plaintiff has instead filed three motions. First, he has moved to stay this proceeding. Second, he has moved to amend his complaint. Third, he has moved for an extension of time within which to serve defendants.

## II.     Analysis

### A.     Motion to Stay

Plaintiff has moved to stay this action until May 2014 "so that he may work on his appeal and parole issues" in state court. However, such a lengthy delay is unwarranted. First, neither

the Federal Rules of Civil Procedure nor any statute of which this Court is aware authorizes a stay as a matter of right under the circumstances present here.  Second, allowing both actions to proceed simultaneously will create no conflict.  To the extent that the complaint asserts civil-rights claims that might interfere with ongoing state criminal proceedings, this Court dismissed those claims in its December 16 Memorandum and Order under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).  To the extent that the criminal proceedings have concluded, the Court ordered plaintiff to show cause why his civil-rights claims were not frivolous—for example, by offering evidence that the proceedings were concluded in his favor within the meaning of the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Whatever the current status of the proceedings in state court, it is therefore unnecessary to stay this action pending their resolution.

### B.     Motion to Amend Complaint

Seven days after this Court's December 16 Memorandum and Order, plaintiff moved to amend the complaint.  If plaintiff seeks to amend his allegations against WPD and Pat's Service Center, he may make those amendments as of right within 21 days after serving those defendants.  *See* Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) allows amendment at other times with the court's leave, which "[t]he court should freely give . . . when justice so requires."  However, justice does not require amendment at this premature stage of this action, because plaintiff will have an opportunity to amend, if he needs it, once he properly serves process on defendants.  Accordingly, the motion to amend will be denied, provided, however, that it may be renewed at a later time.

If plaintiff seeks to amend the complaint in order to show cause, pursuant to this Court's

December 16 Memorandum and Order, why his claims against the other defendants should not have been dismissed, he must explain why those claims are not frivolous. He is not required to file an amended complaint for that purpose. However, to allow plaintiff to correct his apparent misunderstanding, he will be given a reasonable time to file a showing of good cause pursuant to the Court's previous order.

### C. Motion to Extend Time for Service of Process

Summonses issued on December 16, 2011, as to WPD and Pat's Service Center, with instructions that the United States Marshals Service would serve those defendants as directed by plaintiff. However, service has not yet been completed. Rule 4 of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff filed his motion to extend the period to serve defendants on May 9, 2012, 145 days after the summonses were issued. The period for service of the summonses had therefore expired at the time of that motion. Plaintiff contends that his failure to effect timely service on defendants resulted from limited access to a law library and from his devotion of time to the concurrent state-court proceedings in which he was appealing his conviction. Although it is not entirely clear that these excuses rise to the level of good cause, the Court will allow plaintiff a reasonable time to correct his failure to serve those defendants.

### III. Conclusion

Accordingly, for the reasons stated above,

1. The motion to stay this action pending resolution of proceedings in state court is DENIED.

2. The motion to amend the complaint is DENIED, subject to renewal if and when defendants Worcester Police Department and Pat's Service Center have been served. In addition, plaintiff shall have 30 days to show cause why the Court should vacate its previous order dismissing the claims against the other defendants.

3. The motion to extend the time in which plaintiff may serve defendants is GRANTED. The United States Marshal shall serve a copy of the summonses, complaint, and this order upon these defendants as directed by plaintiff, with all costs of service to be advanced by the United States. Plaintiff shall have 30 days from the date of the issuance of this order to complete service. If service on a defendant is not completed within that time, the case will be dismissed as to that defendant.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: June 14, 2012