**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

|  |  |
|---|---|
| **THOMAS M. SHELDON, JR.,** ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **No. 11-40082-TSH** |
| ) | |
| **WORCESTER POLICE DEPARTMENT,** ) | |
| **et al.** ) | |

---

**MEMORANDUM AND ORDER ON MOTIONS TO DISMISS**
**March 28, 2013**

**HILLMAN, D.J.**

This is an action by a prisoner who alleges that local law enforcement officers conspired to frame him, resulting in his wrongful prosecution and conviction for a bank robbery that occurred in May 2010. Defendant Worcester Police Department's has filed a Motion for to Dismiss for Failure to State a Claim (Docket No. 46) and a Motion to Dismiss For Lack of Subject Matter Jurisdiction (Docket No. 46) and Defendant Pat's Towing has filed a Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction (Docket No. 65)

I.      **Factual and Procedural Background**

On April 26, 2011, Plaintiff Thomas Sheldon, Jr., filed this Complaint against the Worcester Police Department ("WPD"), WPD employees and Pat's Service Center alleging violations of his civil rights in connection with his arrest and prosecution for an armed robbery on May 5, 2010 at a TD Bank located at 500 Grafton Street, Worcester, Massachusetts. At the time he filed the lawsuit, Plaintiff was a pretrial detainee. He alleges that the WPD, WPD

employees, and Pat's Service Center violated his civil rights in conjunction with the state's prosecution of him for armed robbery. According to Plaintiff, the WPD, its employees, and the state prosecutors arrested him without probable cause, framed him, relied on non-existent or unreliable information, and wrongly prosecuted him for political or publicity reasons. Plaintiff also alleges that, shortly after his arrest, the WPD searched and impounded his vehicle, a 1996 Oldsmobile Cutlass Supreme, and transferred possession of his vehicle to Pat's Service Center. Plaintiff's Complaint further alleges that Pat's Service Center destroyed his vehicle, thereby depriving him of his property and exculpatory evidence at his criminal trial. The Plaintiff's Complaint seeks monetary damages of $10,000 for the loss of the value of his vehicle and $50,000 for punitive damages "for loss of life, liberty and property."

After the filing of the complaint, Plaintiff informed the Court that he entered a guilty plea in the underlying criminal prosecution. *See* Docket No. 18, at 3. The Plaintiff was subsequently sentenced to a term of incarceration of 4 years to 4 years and a day and is currently serving that term at MCI Norfolk.

On December 16, 2011, this Court (Saylor, J.) issued a memorandum and order on plaintiff's then pending motions. The Court granted his motion to proceed *in forma pauperis* and ordered, pursuant to its authority under 28 U.S.C. §§ 1915 and 1915A to screen complaints that are filed *in forma pauperis*, that the claims against the remaining defendants would be dismissed for failure to state a claim unless, within 42 days, plaintiff showed good cause why they should not. In the December 16 Order, the Court also issued summonses as to the WPD and Pat's Service Center and ordered the United States Marshals Service to effect service on those defendants as directed by plaintiff. Following the issuance of the December 16 Order, the Plaintiff did not effectuate service upon the WPD within 120 days from the date of issuance of

the summons. The Plaintiff did not file a pleading within 42 days attempting to show good cause as to why the claims against the remaining individually named Defendants should not be dismissed.

On June 14, 2012, this Court (Saylor, J.) issued a subsequent Memorandum and Order in response to various motions filed by the Plaintiff. (Docket No. 39). Among the motions ruled upon by the Court was Plaintiff's Motion for Enlargement of Time for service upon the WPD. (Docket No. 36). In its June 14 Order, the Court allowed the Plaintiff's Motion for Enlargement of Time to serve the WPD and allowed an additional 30 days for Plaintiff to complete service to the WPD and Pat's Towing. Further, the June 14 Order allowed Plaintiff 30 days to show cause as to why the Court should vacate its previous order dismissing claims against the individual defendants. (Docket No. 39, p.5). Plaintiff filed a response to the show cause order on June 25, 2012. On June 26, 2012, a Summons and Plaintiff's Complaint were served upon Lt. Francis Assad of the WPD by a United States Marshal. (Docket No. 42). Also on June 26, 2012, a Summons and Plaintiff's Complaint were served upon Pat's Towing by a United States Marshal. (Docket No. 43).

Both the WPD and Pat's Towing have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(1). Plaintiff's *pro se* complaint is construed generously. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education,* 209 F.3d 18, 23 (1st Cir.2000). Even under a broad reading, however, this action is subject to dismissal in its entirety for the reasons discussed below.

## II.      Standard of Review

*Motion to Dismiss Under Rule 12(b)(1)*

Pursuant to Federal Rule 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of subject-matter jurisdiction 'is never presumed." *Fafel v. Dipaola,* 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir. 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.' " *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995), *cert. denied,* 515 U.S. 1144 (1995) (quoting *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.), *cert. denied,* 510 U.S. 823 (1993)); *Johansen v. U.S.,* 506 F.3d 65, 68 (1st Cir., 2007). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942); *Johansen,* 506 F.3d at 68.

When ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir.2010). Additionally, "[t]he district court may ... 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.' " *Id.* (quoting *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996).

*Motion to Dismiss Under Rule 12(b)(6)*

Whether a complaint should survive a motion to dismiss depends upon whether the pleading satisfies the "plausibility" standard. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). To survive a 12(b)(6) motion to dismiss, a

complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleadings need not contain detailed factual allegation, but they do require some factual matter beyond mere labels and legal conclusions. *Twombly,* 550 U.S. at 554. The court should first identify and disregard conclusory allegations. *Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir. 2011) (*citing Iqbal*, 556 U.S. at 662). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* at 12 (quoting *Iqbal,* 556 U.S. at 680). The remaining "[n]on-conclusory factual allegations in the complaint must be then treated as true, even if seemingly incredible" and assessed to determine whether they, " 'allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* at 12 (quoting *Iqbal,* 556 U.S. at 678). If they do, "the claim has facial plausibility." *Id.*

*Claims Against the Individually Named Defendants*[1]

On June 25, 2012, the Plaintiff filed a response (Docket No. 41) to the Court's June 14, 2012 Order (Docket No. 39) in which he alleges that Detectives William Pero and Thomas Gaffney and Officer Darlene Rocheford violated his Fourth and Fourteenth Amendment rights by illegally searching and seizing his vehicle, thereby tainting any evidence confiscated. Plaintiff's response, while timely in accordance with this Court's Order, failed to establish good cause as to why the dismissed claims against these officers should be vacated. In the December 16, 2011 Order (Docket No. 28), Judge Saylor clearly found that because any of Plaintiff's claims concerning the criminal investigation against him and the prosecution that led to his

---

[1] Plaintiff summarily consented to the dismissal of four of the individually named defendants in his memorandum filed on June 25, 2012 (Docket No. 41). After naming Detectives Pero and Gaffney and Officer Rocheford, Plaintiff stated that, "[t]he Plaintiff agrees to dismissing the other 5 (sic) named defendants," without actually naming them in the memorandum (p.1). Accordingly, all claims against defendants Officer William Mosely, Sergeant Carl Supernor, Sergeant Tim Watts, and Lieutenant David Grady are dismissed without further discussion.

current conviction would imply the invalidity of his conviction, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), all claims by Plaintiff that he was wrongfully prosecuted as a result of defendants' misconduct are barred. In his response to show good cause, Plaintiff proffered no additional facts that would establish a plausible legal claim against any of the individual defendants. Accordingly, all claims against the remaining individual defendants are dismissed.

*Claim Against the Worcester Police Department*

Plaintiff's claim against the Worcester Police Department is subject to dismissal. It is well established that a municipal police department is not subject to suit under Section 1983. See *Henschel v. Worcester Police Dep't*, 445 F.2d 624, 624 (1st Cir.1971) (police department is not a suable entity); *Dwan v. City of Boston*, 329 F.3d 275, 278, n.1 (1st Cir.2003). The Worcester Police Department is not an independent legal entity, but a department within the City of Worcester, and therefore does not qualify as a proper party defendant to this lawsuit. *See Curran v. City of Boston*, 777 F. Supp. 116, 120 (D.Mass.1991) (dismissing civil rights claim brought under 42 U.S.C. § 1983 against the Boston Police Department). Accordingly, the court will grant the motion to dismiss as to the Worcester Police Department.

*Claims Against Pat's Towing*

Pat's Towing cannot be held liable under § 1983 for alleged constitutional violations because there is no indication that it was a state actor. "Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Santiago v. Puerto Rico,* 655 F.3d 61, 68 (1st Cir. Aug.24, 2011) (quoting *Redondo–Borges v. U.S. Dep't of HUD,* 421 F.3d 1, 7 (1st Cir.2005)). Accordingly, "[t]o make out a viable section 1983 claim, a plaintiff must show both that the conduct

6

complained of transpired under color of state law and that a deprivation of federally secured rights ensued." *Id.*

Although Plaintiff alleges a conspiracy between Pat's Towing and the Worcester Police Department, the Complaint contains no allegations of fact suggesting that the defendants conspired to violate plaintiff's constitutional rights. The entirety of Plaintiff's allegations with respect to this issue is as follows, "The Worcester Police Dept. et al. have violated my Constitutional rights … conspiring with a Tow Company, Pat's Service Center, Pat's Towing, Worcester, MA. …[t]o sign, sign title, sell, trade and or dispose of the Plaintiff's vehicle." To present an adequate conspiracy claim, there must be support for those claims with factual allegations or references to material facts. *See Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977); *see also Johnson v. Walgreen*, 980 F.2d 721 (1st Cir. 1992). Conclusory allegations by Plaintiff that Pat's Towing conspired with the WPD, without more, cannot establish a cognizable legal claim.

*State Law Claims*

Because the court will dismiss the federal claims against the defendants for the reasons stated above, grounds no longer exist for federal subject matter jurisdiction over Plaintiff's state civil rights claim or a loss of property claim. Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See also Claudio–Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 105 (1st Cir.2004), citing *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial,

will trigger the dismissal without prejudice of any supplemental state-law claims.").

Accordingly, the Court declines to exercise jurisdiction over any remaining state claims.

## ORDER

Accordingly, for the reasons stated above,

1. Defendant Worcester Police Department's Motion for to Dismiss for Failure to State a Claim (Docket No. 46) and for Lack of Subject Matter Jurisdiction (Docket No. 46) will be **GRANTED**;[2] and

2. Defendant Pat's Towing's Motion to Dismiss (Docket No. 65) is **GRANTED**.


/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

Dated: March 28, 2013

---

[2] Defendant WPD included a one sentence motion for separate and final judgment, pursuant to Fed. R. Civ. P. 54(b), at the end of its motions to dismiss. Because all claims against all parties have been dismissed pursuant to this Order, the motion is moot. In the future, this should be filed as a separate motion.